## J. C. Coons v. State.

No. 1965.   Decided December 4, 1912.

1.—Aggravated Assault—Sufficiency of the Evidence.

Where, upon trial of aggravated assault, the evidence sustained the conviction, there was no error.

2.—Same—Charge of Court—Defense of Another.

Where, upon trial of aggravated assault, the evidence showed that defendant not only acted in self-defense, but also in the defense of another, a failure to submit said latter issue was reversible error, a charge having been requested on this phase of the case and refused and proper exceptions taken thereto.

Appeal from County Court of Jones. Tried below before the Hon. Joe C. Randel.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

*Brooks & Brooks*, for appellant.—On question of defense of another: Garcia v. State, 57 S. W. Rep., 650; Garza v. State, 88 S. W. Rep., 231; Persons v. State, 65 Tex. Crim. Rep., 311, 138 S. W. Rep., 133.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was prosecuted and convicted of an aggravated assault and fined $25.

The evidence by the State was amply sufficient to sustain the verdict.

There is but one question in the case necessary to be decided and that is a complaint of the charge of the court and the refusal of appellant's special charge on the same subject,—that of self-defense.

A day or two before July 9, 1911, Bert Coons, the son of appellant, and Bert's wife had some trouble. Her complaint to her husband was that her husband permitted his father and mother and their children to remain at his home, and that his father's children were disrespectful and quite offensive to her in their treatment of her and manner towards her, and that as her parents lived in the same town she would take their young child with her and stay with her parents until his

father's family left her home. She thereupon took their child, left their home and went to that of her father. On July 9th said Bert Coons passed her father's house and seeing his child in the yard, proceeded to take it in his buggy and rapidly drive with it to his home. His wife saw him and immediately followed. Arriving at their home, some wrangle and struggle occurred between them, she endeavoring to get possession of her child and return to her father's with it and her husband resisting and refusing this. Hot words and some scuffling occurred between them. Appellant appeared on the scene while this was going on between his son and his wife, he having in his hand at the time a butcher knife, and told his son, so some of the witnesses say, that he would slap hell out of her and then went out of the room where the wrangling and scuffling occurred. Bert's wife claimed that she was only temporarily leaving her husband and she wanted to keep her child with her during that time, while her husband claimed that she intended to take their child and permanently abandon him. Just at this point Mrs. Coon's young brother, upon whom the assault and battery is alleged to have been committed, appeared, when his sister, Mrs. Coons, called him to come to where she and her husband were and verify her purpose and intent in going to her father's with the child. Her brother started into the house. Appellant's son Bert thereupon cursed him and called him opprobrious epithets, ordered him not to come into the house, immediately got his target rifle and presented it towards his brother-in-law, but his brother-in-law stated that as his sister had called for him, he was going in and did proceed to go in; that her brother, upon reaching them, to keep from being shot, seized the gun and Bert's wife also seized it, the three struggling for the possession of the gun. Appellant claims that he saw, heard and knew nothing of this, but that his little girl, thirteen years of age, thereupon informed him that they were about to kill Bert and to run and help him; that he at once ran around the house and in going picked up what the witnesses show to have been a scantling, two by four inches, some three or four feet long, and ran up and struck Mrs. Coon's brother, Milner, whom he is charged to have committed this aggravated assault upon. He testified that he struck said Milner with this scantling only one lick and did so to protect his son from what he thought was an assault upon him to either kill him or to seriously injure him and to make Milner, the assaulted party, turn loose the gun.

The evidence further shows that immediately after Milner was struck this lick that it caused him to sink down and that he immediately left, went out of the yard, appellant went around the house and then they had some wordy altercation and perhaps cursing.

Proper objection was made to the court's charge in submitting appellant's claimed act in defense of his son, and his special charge, which he asked and which was refused on that subject. In the court's charge, excepted to, he stated that every person was permitted by law to defend himself against any act of unlawful violence offered to his person, but

did not in that portion of the charge state, instead of having a right to defend himself, that he also had the right to defend another, in this instance his son, from such unlawful violence. The evidence did not raise the question of the defense of appellant himself, but it did raise the question of an assault and battery being committed in defense of his son. The charge requested on this point, while it is not a model for such charge, did state that the law justified another to act in defense of another and required before conviction, the jury to believe beyond a reasonable doubt that when appellant struck Milner, if they believed he struck him, while his son, his daughter-in-law and Milner were struggling over the possession of the gun for the purpose of making Milner release said gun and, at the time he struck him, appellant believed that his son was about to be unlawfully assaulted by Milner, or that his son was in danger of serious bodily injury from Milner, then to acquit appellant. This feature of the court's charge was not submitted in the charge complained of, but was substantially so in that requested by appellant and refused.

It may be that under the testimony in the case, the jury would not have believed appellant under all the circumstances, yet the testimony made it necessary for the court to properly submit that question to the jury for them to find and the court could not take it away from the jury. For this error of the court in his main charge and the refusal to submit the question substantially as appellant requested, it will be necessary to reverse the judgment and remand the cause.

*Reversed and remanded.*